IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| STANDARD PACIFIC OF THE CAROLINAS, LLC, f/k/a WESTFIELD HOMES OF THE CAROLINAS, LLC, | ) ) ) ) | C.A. No. 0:11-CV-598-CMC |
| Plaintiff, | ) ) | OPINION AND ORDER ON MOTION TO AMEND AND |
| v. | ) ) | REMAND AND CROSS MOTION FOR SUMMARY JUDGMENT |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | (Dkt. Nos. 34 & 39) |
| Defendant. | ) ) | |

Through this action, Plaintiff, Standard Pacific of the Carolinas, LLC ("Standard Pacific"), seeks a declaration that Defendant Nationwide Mutual Insurance Company ("Nationwide") is obligated to provide Standard Pacific with a defense in a state court action brought by Terry E. Short ("Terry Short") and Donna J. Short (collectively "the Shorts"). That action seeks recovery from Standard Pacific and others for an injury Terry Short suffered while riding a bicycle on a path in a subdivision ("Subdivision") in which he owned a home. Standard Pacific was the developer of the Subdivision and also owned one or more homes within the Subdivision at the time of Terry Short's accident. Standard Pacific relies on its status as homeowner in arguing that it is owed a defense in the Shorts' action.

The matter is before the court on two related motions: Standard Pacific's motion to amend the complaint and remand; and Nationwide's cross-motion for summary judgment. For the reasons set forth below, Standard Pacific's motion is denied and Nationwide's motion is granted with respect to the allegations in the pending (original) complaint. Because the motion to amend is denied, the

court does not address Nationwide's motion to the extent it might be construed to address the proposed amended complaint.

## BACKGROUND

**Complaint in this Action.** Standard Pacific's original and still-controlling complaint seeks declaratory relief in the form of a determination that Nationwide is required to defend Standard Pacific in the Shorts' action. Such a determination is dependent on proof that (1) Nationwide issued a policy to the Subdivision's homeowner's association ("HOA") which included an endorsement extending coverage to homeowners ("Homeowner's Endorsement") and (2) the Shorts' claims fall within the scope of that extension of coverage.

**Homeowner's Endorsement.** The Homeowner's Endorsement available from Nationwide provides as follows:

> Each individual homeowners [sic] is also an insured, *but only with respect to liability as a member of the homeowners association* and not with respect to any liability arising out of the ownership, maintenance, use or repair of the real property to which the owner has title to [sic].

Dkt. No. 39-2 at 1 (emphasis added).

**The Shorts' Complaint.** The Shorts allege that Terry Short was injured while riding his bike on a path within the Subdivision. The accident was allegedly caused by defects in the design, construction, or maintenance of the path including the manner in which it connects to a bridge and the location and condition of a sewer cover. The Shorts name seven defendants including: Standard Pacific, the HOA, and various other entities involved in the design, construction, maintenance or management of the Subdivision. No defendant is identified either as a homeowner or member of the homeowners' association.

The only allegation specific to Standard Pacific is a paragraph identifying it as the developer of the Subdivision. Dkt. No. 39-1 ¶2. As to the HOA, the Shorts' allege it "is the owner of the common areas and related improvements . . . and is required to repair and maintain such Common Areas." Beyond identifying the seven defendants and their relative responsibilities for the path, bridge, and sewer, the Shorts' factual allegations are asserted without differentiation between any of the defendants who they allege "planned, designed, developed, constructed, manage(d), own and/or maintain(ed) all or relevant portions of the . . . subdivision." *Id. ¶*9; *see also id.* ¶12 (alleging the "location, design and construction of the Path and Bridge are such that it is reasonably foreseeable that it would be used by bicyclists in the neighborhood" and that "the Path was not constructed to any recognized bicycle path standards").

**Standard Pacific's Unsuccessful Motion for Partial Summary Judgment.** Prior to filing its present motion, Standard Pacific sought partial summary judgment based on the Homeowner's Endorsement and allegations of the Shorts' complaint. Nationwide opposed that motion on two grounds. First, it argued that the policy did not include the Homeowner's Endorsement. Second, Nationwide argued that the Shorts' claims against Standard Pacific would not be covered even if the Homeowner's Endorsement was included because the Shorts' complaint referred only to Standard Pacific's role as developer and included no allegations which would support an inference that they sought to hold Standard Pacific liable based on its status as homeowner or member of the HOA. Standard Pacific did not reply to either argument. Finding both arguments supported by the record and in the absence of any reply, the court denied Standard Pacific's motion, adopting the two arguments presented by Nationwide. Dkt. No. 31. Standard Pacific has not sought reconsideration or modification either of the ruling or the rationale adopted from Nationwide's memorandum.

**Proposed Amendment.** Through its present motion, Standard Pacific seeks to amend its complaint in three respects. First, it seeks to add three new parties.[1] Second, it seeks to drop the original factual allegations (that Nationwide issued a policy covering homeowners), legal theory (contract-based claim), and relief sought (declaratory relief that a defense is due). Finally, Standard Pacific seeks to add three new causes of action under which it would hold Nationwide and others liable because the policy issued to the HOA did not include the Homeowners' Endorsement. Only one of these causes of action, a negligence claim, is asserted against Nationwide. Any of them would, however, require proof both that the policy did not include the Homeowner's Endorsement and that Standard Pacific was injured as a result of the absence of the endorsement.[2]

Standard Pacific also seeks remand if the motion to amend is granted. This aspect of Standard Pacific's motion is based on the fact that Plaintiff and two of the three parties to be joined

---

[1] The to-be-added Defendants include (1) the HOA, which Standard Pacific alleges was liable for failing to purchase a policy with a Homeowner's Endorsement despite a requirement in the subdivision's Master Declaration which required it to do so (Dkt. No. 34-1 ¶¶ 13, 20), (2) a management group ("Management Group"), which allegedly acted as agent for the HOA including by assisting the HOA "in acquiring the insurance required under the Master Declarations," (*id.* ¶¶ 23-24), and (3) an insurance agent ("Nationwide's Agent") with whom representatives of the HOA and Management Group met for the purpose of procuring insurance (*id.* ¶ 25). Nationwide's Agent is alleged to have been "acting as an agent/employee of Defendant Nationwide" who sold liability insurance to the HOA "care of" the Management Group. Defendant Nationwide remains a Defendant as to these new allegations under a *respondeat superior* theory of liability for the actions/inactions of its agent. As to Nationwide and its agent, Standard Pacific alleges that they "negligently failed to sell and issue the insurance required under the Master Declarations and/or failed to inquire about (or even review) the Master Declarations to identify what coverage was necessary." *Id.* ¶ 48.

[2] Thus, Standard Pacific's proposed amendments concede the first ground for denial of its motion for partial summary judgment: that the policy which Nationwide issued to the HOA does not include any provision which would extend coverage to Standard Pacific as a homeowner. In contrast, the proposed amendments require proof of facts *opposite* of those supporting the second ground on which the court relied in denying partial summary judgment: that the Shorts' claims against Standard Pacific did not fall within the scope of the Homeowner's Endorsement.

4

are citizens of the same state.[3] Thus, joinder of at least two of the new parties would destroy the basis for the assertion of subject matter jurisdiction under 28 U.S.C. § 1332.

**DISCUSSION**

**I.     MOTION TO AMEND**

Because this matter was removed from state court and because Standard Pacific seeks to add parties whose addition would require remand, the court analyzes the motion to amend under both 28 U.S.C. § 1447(e) and Rule 15 of the Federal Rules of Civil Procedure. The applicable standards are summarized below.

**A.     28 U.S.C. § 1447.**

**Standard.** Procedures after removal are addressed by 28 U.S.C. § 1447 which provides, in relevant part, as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As the Fourth Circuit has explained, "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." *Mayes v. Rapoport*, 198 F.3d 457, 461 n. 11 (4th Cir.1999). It follows that the court may deny post-removal joinder of parties whose joinder would require remand even if the amendment is otherwise proper under Rule 15. *See, e.g.*, *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal.").

---

[3] Standard Pacific alleges that the Management Group and Nationwide's agents are both citizens of North Carolina, which is the state in which Standard Pacific has its principal place of business.

5

**Discussion.** Through its proposed amended complaint, Standard Pacific seeks to add three new parties. Because subject matter jurisdiction is founded on diversity and because two of the proposed new parties are citizens of the same state as Plaintiff, granting the amendment would require remand. In light of these circumstances, the court may but is not required to deny joinder based on the discretion granted by 28 U.S.C. § 1447(e) .

Under the circumstances of this case, the court concludes that joinder should be denied. The court reaches this conclusion, in part, because of the timing of the motion: after Standard Pacific's own motion for summary judgment resulted in a ruling predicting that its claims would, ultimately, fail as a matter of law. It is also significant that the claims which would be pursued on remand are distinctly different from those pursued in the original complaint. Moreover, as discussed below, those claims are particularly weak with respect to the original (diverse) Defendant, Nationwide, and its agent. It is not, in any event, necessary to pursue claims against the HOA and its Management Group together with the claims which might be pursued against Nationwide (or its agent).

**B.    Rule 15.**

**Standard.** Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying this rule, the United States Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with

the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Ward Elec. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987) (holding that "a change in the theory of recovery and one prior amendment of the complaint [were] not sufficient to justify denial of leave to amend under the principles of *Foman*" absent some resulting prejudice to the opposing party); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) (holding that "[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'").

A proposed amendment may be denied as futile if the claim would not survive a motion to dismiss. *Burns v. AAF-McQuay, Inc.,* 166 F.3d 292, 294-95 (4th Cir. 1999) (affirming denial of motion to amend based on futility). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.; see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Bass v. Dupont*, 324

7

F.3d 761, 765 (4th Cir. 2003) (holding that "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case . . . [she] is required to allege facts that support a claim for relief.").

**Discussion.** As explained above, the standards for amendment under Rule 15 are relatively liberal. Nonetheless, the court concludes that Standard Pacific's motion to amend should be denied under Rule 15 whether considered as to all proposed amendments (addition of parties and amendment of claims) or only as to the amendments relating to Nationwide.

First, the proposed amended complaint does not reflect a mere shift in legal theory or adjustment of factual allegations. It is a complete about-face with respect to the factual basis for the claim(s), the legal theories pursued, and the nature of the relief sought. The pending (original) complaint seeks declaratory relief from one Defendant, Nationwide, on a contract-based theory founded on the terms of an insurance policy. The proposed amended complaint effectively concedes that the policy issued did not contain the critical provision. Thus, it abandons the original, contract-based, theory of relief. In place of that theory, Standard Pacific seeks to add three causes of action and three new defendants. The first cause of action, sounding in negligence, is asserted against all four Defendants (Nationwide, its agent, the HOA, and its Management Group) for failure to request (or include) the Homeowner's Endorsement in the policy purchased by (sold to) the HOA. The two additional causes of action (for breach of fiduciary duty and breach of contract) are asserted only against the HOA and Management Group. Although one of these theories is founded on breach of contract, the "contract" relied on differs from that at issue in the original complaint.[4]

The amendment would also be futile with respect to Nationwide and its agent. This is, first, because there is no allegation in the proposed amended complaint which would give rise to a

---

[4] The "contract" on which the proposed breach of contract claim relies is the Master Declaration of the Subdivision.

8

reasonable inference that Nationwide's Agent or any other person acting on Nationwide's behalf had or undertook a duty to determine what coverage was required by the Master Declaration. Thus, even if Standard Pacific was in some way injured by the absence of a Homeowner's Endorsement in the policy issued to the HOA, no allegations suggest a plausible basis on which to hold Nationwide and its agent responsible for the failure to include the endorsement.

Finally, the court's second rationale for denying Standard Pacific's motion for partial summary judgment – that the Shorts' allegations did not trigger a duty to defend under the Homeowner's Endorsement – precludes Standard Pacific from arguing (at least as to its claims against Nationwide) that it was injured by the non-inclusion of the Homeowner's Endorsement.[5] While it is possible some other facts may yet develop with respect to the Shorts' claims which suggest that the Shorts are pursing claims against Standard Pacific based on its status as a homeowner and membership in the HOA, nothing presented to-date supports such an inference.[6]

For the reasons set forth above, the court denies the motion to amend to the extent it seeks to join parties pursuant to the court's authority under 28 U.S.C. § 1447(e). The court also denies the motion to amend in full under Rule 15. In light of the denial of the motion to amend, the motion to remand is moot.

---

[5] In its memorandum in opposition to Standard Pacific's motion for partial summary judgment, Nationwide argued that the Homeowner's Endorsement could not cover the Shorts' claims against Standard Pacific because Standard Pacific was sued in its capacity as developer, not in its capacity as a homeowner. Standard Pacific had an opportunity to but did not reply to this or any other argument in Nationwide's opposition memorandum. Neither did Standard Pacific seek (nor does it now seek) reconsideration of this court's order denying summary judgment "for the reasons argued in Nationwide's opposition memorandum[.]" Thus, this issue has been determined adversely to Standard Pacific with respect to Nationwide, the sole Defendant in this action.

[6] Such a conclusion, in any event, seems at odds with the Shorts' allegations that Terry Short is, himself, a homeowner (and, consequently, a member of the HOA) as well as the Shorts' failure to name any other homeowners as defendants.

9

## II.     CROSS-MOTION FOR SUMMARY JUDGMENT

In addition to opposing the proposed amendment, Nationwide seeks summary judgment by cross-motion. Nationwide's cross-motion for summary judgment is incorporated within its responsive memorandum. This is not the proper means of raising a motion. The court will, nonetheless, consider the motion to the extent it relates to the claims found in the pending (original) complaint given (1) Standard Pacific's failure to object to Nationwide's inclusion of the motion in a memorandum, (2) the technical and, ultimately, harmless nature of Nationwide's procedural error, and (3) Standard Pacific's clear abandonment of the theory of relief advanced in the pending (original) complaint.[7]

**Standard.** Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (as amended December 1, 2010). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Prop.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

---

[7] Nationwide's error in including the motion within a memorandum is a technical defect which could be cured by filing a separate motion. This would have afforded Standard Pacific more time to respond to the motion and Nationwide an opportunity to file a reply after receiving Standard Pacific's response (included in its reply in support of amendment and remand). Standard Pacific did not, however, seek more time to respond to the "embedded" cross-motion for summary judgment and primarily argues that it should be denied to the extent it relates to the amended allegations. Moreover, to the extent considered here, Nationwide's motion is little more than the converse of Standard Pacific's motion for partial summary judgment. Thus, Standard Pacific is not prejudiced by the court's consideration of Nationwide's motion for summary judgment as it relates to the allegations in the pending (original) complaint.

10

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

**Discussion.** To the extent Nationwide seeks summary judgment as to Standard Pacific's original claim for declaratory relief, the motion is granted. As evidenced by the proposed amended complaint, Standard Pacific has abandoned any argument that the policy which Nationwide issued included the Homeowner's Endorsement. It follows that there is no basis on which to grant declaratory relief that Standard Pacific is entitled to a defense under the terms of the policy issued to the HOA.

Even if the policy included the Homeowner's Endorsement, Standard Pacific has failed to point to any allegations in the Shorts' complaint or facts developed through discovery or otherwise in that action which would suggest that the Shorts' claims against Standard Pacific seek to impose liability on Standard Pacific with respect to its status as a homeowner or, more accurately, "as a member of the [HOA]." *See supra* p. 2 (quoting Homeowner's Endorsement). To the contrary, the Shorts' allegations speak to Standard Pacific's role as developer and are otherwise inconsistent with any intent to hold Standard Pacific (or any other homeowner) liable for Terry Short's injuries based

11

on homeowner status or membership in the HOA. The court, therefore, grants Nationwide's motion for summary judgment as to the allegations in the original and still-operative complaint.[8]

## CONCLUSION

For the reasons set forth above, the court denies Standard Pacific's motion to amend, which renders moot the request to remand, and grants Nationwide's motion for summary judgment. The Clerk of Court shall enter judgment accordingly

IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2011

---

[8] Standard Pacific suggests that the denial of its motion for partial summary judgment establishes that there are genuine issues of material fact precluding the entry of summary judgment in favor of either party. This argument is misplaced given that neither of the two arguments on which the court relied in denying the motion for partial summary judgment referred to the existence of any genuine issue of material fact. *See* Dkt. No. 31 (Docket Text Order denying motion for reasons argued in Nationwide's opposition at pages 3-4); Dkt. No. 30 at 3-4 (arguing policy does not extend coverage to property owners and that the Shorts' allegations do not seek to impose liability on Standard Pacific based on its status as a member of the HOA).